# ALASKA FISH SALTING & BY-PRODUCTS COMPANY *v.* SMITH.

## ERROR TO THE DISTRICT COURT, DIVISION NO. 1, OF THE TERRITORY OF ALASKA.

No. 166. Argued January 20, 21, 1921.—Decided January 31, 1921.

1. In imposing license taxes upon the manufacture of oil and fertilizer from fish, the legislature of Alaska, having in view the value of herring as a food supply for men and for salmon, constitutionally may discriminate against those persons who consume herring in the manufacture, as compared with those who use other fish or salmon offal. P. 48.

2. A license tax, otherwise valid, is not unconstitutional because it destroys a business without compensation. *Id.*

3. *Held*, that the purpose of the legislature in enacting the tax laws involved in this case must be gathered from the statutes and not from the allegations in the bill attacking them, admitted by demurrer. P. 49.

4. The Act of August 24, 1912, c. 387, § 3, 37 Stat. 512, creating the Alaskan legislative assembly and granting it power to alter, amend, modify and repeal laws in force in Alaska, declared that such power should not extend to the "fish laws" of the United States there applicable, or to laws of the United States providing for taxes on business or trade, and further declared that "this provision shall not operate to prevent the legislature from imposing other and additional taxes or licenses." *Held:* (a) That certain acts of Congress imposing taxes on fish oil and fertilizer works based on output, (Alaska Comp. Laws, §§ 2569, 259), are not "fish laws" within the meaning of this limitation. P. 49. (b) That subjection of a particular industry to this congressional tax does not imply a license to continue in business and thus prevent additional, even prohibitory, taxation by Alaska under the broad power granted. *Id.* (c) That an additional tax by Alaska, being thus authorized, is not objectionable as double taxation. P. 50.

5. A discriminatory license tax *ut sup.*, par. 1, *held* consistent with the command of § 9 of the said Act of August 24, 1912, that all taxes shall be uniform on the same class of subjects. P. 49.

6. The provision of the same act, § 9, that no tax shall be levied for

territorial purposes in excess of one per cent. of the assessed valuation of property, does not apply to license taxes. P. 50.
Affirmed.

THE case is stated in the opinion.

*Mr. R. E. Robertson* for plaintiff in error:

The allegations of the complaint relating to the taxes must be taken as true, because the case was decided upon demurrer. *Dobbins* v. *Los Angeles*, 195 U. S. 223, 234; *American School of Magnetic Healing* v. *McAnnulty*, 187 U. S. 94, 103; *St. Louis* v. *Knapp Co.*, 104 U. S. 658, 661.

The Constitution is in force in Alaska, and inconsistent local legislation is void.

It is the duty of the judiciary to consider the real nature and effect of legislation depriving citizens of constitutional rights.

There is a gross and patent inequality in the amount of the tax levied on the particular line of business carried on by plaintiff in error as compared with the tax levied on other lines of business.

The territorial legislation and the taxes imposed by it are in violation of the Constitution, because the legislature has plainly abused its taxing power by exercising it, not for revenue, but for the purpose of destroying rights and privileges accorded to the plaintiff in error by the Constitution and the Alaska Organic Act. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 563; *Alaska Pacific Fisheries* v. *Alaska*, 236 Fed. Rep. 52; *McCray* v. *United States*, 195 U. S. 27; *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1, 24.

The legislation and the taxes imposed thereunder are unreasonable, arbitrary, confiscatory and prohibitory, and unjustly discriminate against plaintiff in error and its business, and are in violation of the Constitution because plaintiff in error is denied the equal protection of

the laws. *Tanner* v. *Little*, 240 U. S. 369, 382; *Southern Ry. Co.* v. *Greene*, 216 U. S. 400, 417; *Cotting* v. *Kansas City Stock Yards Co.*, 183 U..S. 79, 109, 111, 112; Cooley, Const. Lim., 5th ed., 484, 486; *State* v. *Haun*, 61 Kansas, 146; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *In re Yot Sang*, 75 Fed. Rep. 983; *American Sugar Refining Co.* v. *Louisiana*, 179 U. S. 89; *State* v. *Wright*, 53 Oregon, 344; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 562, 563; *Atchison, Topeka & Santa Fe R. R. Co.* v. *Matthews*, 174 U. S. 96, 104; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis*, 165 U. S. 150, 159; *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232, 237. And its property is taken without due process of law. *Yick Wo* v. *Hopkins*, 118 U. S. 356, 370, 373, 374 (and many other authorities); *Sallsbury* v. *Equitable Purchasing Co.*, 177 Kentucky, 348.

It being illogical to believe that plaintiff in error can pay such a tax and continue its business, it will come to pass that, although Congress has legalized the business by the Acts of June 6, 1900, and June 26, 1906, under which taxes are paid into the National Treasury to be expended in the Territory (*Binns* v. *United States*, 194 U. S. 486, 491), yet the local legislature, under an assumption of delegated power, has deprived the Federal Government of the revenue it would otherwise have received, and has virtually repealed the congressional acts. See *Alaska Pacific Fisheries* v. *Alaska*, 236 Fed. Rep. 52, 57.

Congress by the Act of June 26, 1906, authorized plaintiff in error to carry on its business in the Territory of Alaska. *License Tax Cases*, 5 Wall. 462, 471.

The territorial legislation and taxes imposed thereby are also contrary to the Alaska Organic Act; because their effect is to amend, alter, modify and repeal the Acts of June 6, 1900, and June 26, 1906; because they are not uniform upon the same class of subjects and are not levied and collected under general laws; because the assessments are not according to actual value,—in fact no assessments

were made; and because the taxes, although levied for territorial purposes, are in excess of one per centum per annum of any possible valuation which could be lawfully assessed upon the actual value of the property on which they are levied.

*Mr. J. C. Murphy*, Attorney General of the Territory of Alaska, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover the amount of taxes levied under statutes of Alaska which the plaintiff alleges to be contrary to the Act of Congress of August 24, 1912, c. 387, § 3, 37 Stat. 512, creating a legislative assembly in the Territory of Alaska, and to the Constitution of the United States. Judgment was given for the defendant upon demurrer to the complaint, the parties agreeing that the foregoing grounds of recovery were the only matters in dispute. The statutes attacked, viz: May 1, 1913, April 29, 1915, and May 3, 1917, levy license taxes of two dollars a barrel and two dollars a ton respectively, upon persons manufacturing fish oil, fertilizer and fish meal in whole or in part from herring. The act of Congress after giving effect to the Constitution and laws of the United States in the Territory provides that the authority therein granted to the legislature "to alter, amend, modify, and repeal laws in force in Alaska shall not extend to the . . . fish . . . laws . . . of the United States applicable to Alaska, or to the laws of the United States providing for taxes on business and trade, . . . *Provided further*, That this provision shall not operate to prevent the legislature from imposing other and additional taxes or licenses." Some reliance is placed also upon § 9 that all taxes shall be uniform upon the same class of subjects, &c., and that no tax shall be levied for terri-

torial purposes in excess of one per centum upon the assessed valuation of property therein in any one year.

The complainant alleges that the tax will prohibit and confiscate the plaintiff's business, which is that of manufacturing fish oil, fertilizer, fish meal and by-products from herring either in whole or in part; that the tax unreasonably discriminates against the plaintiff, as it levies no tax upon the producers of fish oil, &c., from other fish, and is otherwise extortionate; and that it contravenes the act of Congress in lack of uniformity and in exceeding one per centum of the actual value of the plaintiff's property. The prophecies of destruction and the allegations of discrimination as compared with similar manufactures from salmon are denied by the Attorney General for Alaska, the latter denial being based upon a comparison of the statutes which of course is open. We are content however to assume for the purposes of decision that, not to speak of other licenses, the questioned acts do bear more heavily upon the use of herring for oil and fertilizer than they do upon the use of other fish. But there is nothing in the Constitution to hinder that. If Alaska deems it for its welfare to discourage the destruction of herring for manure and to preserve them for food for man or for salmon, and to that end imposes a greater tax upon that part of the plaintiff's industry than upon similar use of other fish or of the offal of salmon, it hardly can be said to be contravening a Constitution that has known protective tariffs for a hundred years. *Rast* v. *Van Deman & Lewis Co.*, 240 U. S. 342, 357. Even if the tax should destroy a business it would not be made invalid or require compensation upon that ground alone. Those who enter upon a business take that risk. *McCray* v. *United States*, 195 U. S. 27. See *Quong Wing* v. *Kirkendall*, 223 U. S. 59; *Mugler* v. *Kansas*, 123 U. S. 623; *Louisville & Nashville R. R. Co.* v. *Mottley*, 219 U. S. 467, 482. We need not consider whether abuses of the power might go to

such a point as to transcend it, for we have not such a case before us. The acts must be judged by their contents not by the allegations as to their purpose in the complaint. We know of no objection to exacting a discouraging rate as the alternative to giving up a business, when the legislature has the full power of taxation. The case is different from those where the power to tax is limited to inspection fees and the like, as in *Postal Telegraph-Cable Co.* v. *Taylor*, 192 U. S. 64, 72.

. But it is said that however it may be with regard to the Constitution taken by itself, the statutes brought into question are contrary to the act of Congress from which the local legislature derives its power. In the first place they are said to be an attempt to modify or repeal the fish laws of the United States. The Act of Congress of June 6, 1900, c. 786, § 29, 31 Stat. 321, 331; Alaska Compiled Laws, § 2569; imposes a tax on fish oil works of ten cents per barrel and on fertilizer works of twenty cents per ton, repeated in slightly different words by the Act of June 26, 1906, c. 3547, 34 Stat. 478; Alaska Compiled Laws, § 259. But these are not fish laws as we understand the phrase. It is argued, however, that at least they import a license, *License Tax Cases*, 5 Wall. 462, 470, and that a tax alleged to be prohibitory flies in their teeth. It would be going far to say that a tax on fish oil works in general terms imported a license to a specific kind of works deemed undesirable by the local powers, and when we take into account the express and unlimited authority to impose additional taxes and licenses we are satisfied that the objection should not prevail. We confine our decision to the statutes before us, repeating in this connection that they must be judged by their contents not by the characterization of them in the complaint.

The requirement of uniformity in § 9 is disposed of by what we have said of the classification when considered with reference to the Constitution. The legislature was

warranted in treating the making of oil and fertilizer from herring as a different class of subjects from the making of the same from salmon offal. The provisions against taxing in excess of one per centum of the assessed valuation of property does not apply to a license tax like this. This is not a property tax. *Alaska Pacific Fisheries* v. *Alaska,* 236 Fed. Rep. 52, 61. The objection that the plaintiff in error is doubly taxed, first by the United States and then by the Territory, is answered by the express authority to levy additional taxes to which we have referred heretofore. Without going into more detail we are of opinion that the tax must be sustained.

*Judgment affirmed.*