## NORTHERN COMMERCIAL CO. OF ALASKA v. TERRITORY OF ALASKA.

(Circuit Court of Appeals, Ninth Circuit.  May 28, 1923.)

No. 3959.

Licenses ☞1—Statutes ☞121 (1)—Statute taxing fur purchases held to impose an "excise tax" and to express subject in title; "property taxes."

Sess. Laws Alaska 1921, p. 132, entitled "An act to impose a license tax on the business of fur farming," etc., which provides for a license fee for the business of fur farming, and for stationary fur buyers, and for itinerant fur buyers, and, in addition, license fees on each pelt purchased according to a classified list, *held*, as respects the license fee on each pelt purchased, not invalid as imposing an ad valorem tax on property, not levied in accordance with Organic Act, § 9, but to impose an excise tax, and therefore to be valid, as expressing its subject in its title, as required by Organic Act provision as to titles of laws; for "property taxes" are taxes assessed on all property of a certain class in proportion to its value on a specified date, assessed at a stated period and collected at an appointed time, while an "excise tax," as the word itself indicates, is a sum cut out of that which is received or enjoyed by the person subjected thereto, and includes every tax imposed on the privilege of performing an act or engaging in a business or occupation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Excise; Property Tax.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska.

Action by the Territory of Alaska against the Northern Commercial Company of Alaska. Judgment for the Territory, and defendant brings error. Affirmed.

By the provisions of chapter 42, p. 132, Session Laws of Alaska 1921, the Legislature of the territory prescribed in section 1 a license fee of $10 for the business of fur farming, $25 for stationary fur buyers, and $150 for itinerant fur buyers and in section 3 further provided: "In addition to the license fee above provided for the licensee shall pay to the commissioner who issued the license the following license fees on each pelt taken by a fur farmer or purchased or otherwise acquired by a fur buyer, or taken by a trapper and not sold to a licensed fur buyer." Then follows a designation of the various kinds of skins dealt in by such licensees, with the amount of license tax payable upon each kind. The territory brought an action against the plaintiff in error to recover the amount of the unpaid license fees so enumerated in section 3 as for pelts purchased and subject to the license tax imposed by the statute. The plaintiff in error had already paid the general license fee for engaging in the business of stationary fur buyers. A demurrer was interposed to the complaint on the ground that the legislation was in violation of the Organic Act of the territory and on the ground that the subject-matter of the act was not set forth in the title. The demurrer was overruled. The plaintiff in error declined to amend and judgment was accordingly entered against it for the sum demanded in the complaint and adjudging that the same be a first and paramount lien upon all the property of the plaintiff in error. The question on which decision turned was whether or not the tax so imposed by the statute is an excise tax or a property tax. The plaintiff in error contended that it was the latter. The court below ruled that it was the former.

John A. Clark, of Fairbanks, Alaska, and Sloss, Ackerman & Bradley, of San Francisco, Cal., for plaintiff in error.

John Rustgard, Atty. Gen., and Guy B. Erwin, U. S. Atty., of Fairbanks, Alaska, for the Territory of Alaska.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before GILBERT and RUDKIN, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The plaintiff in error contends that in levying the tax prescribed in section 3, the Legislature imposed a tax upon each article of property handled by the fur dealer under his license, and that it is therefore an ad valorem tax on property, and void for the reason that it is not levied in accordance with the provisions of the Organic Act, section 9 of which provides that—

"All taxes shall be uniform upon the same class of subjects and shall be levied and collected under general laws and the assessment shall be according to the actual value thereof. No tax shall be levied for territorial purposes in excess of one per cent. upon the assessed valuation of the property therein in any one year."

It is not disputed that the tax here involved is valid, if it is an excise tax, as distinguished from a property tax. In determining its nature, section 1 and section 3 must be construed together. Property taxes are taxes assessed on all property of a certain class in proportion to its value on a specified date. It is assessed at a stated period and collected at an appointed time. An excise tax, as the term itself indicates, is a sum cut out of that which is received or enjoyed by the person subjected thereto. It includes every tax imposed upon the privilege of performing an act or engaging in a business or occupation. Society for Savings v. Coite, 6 Wall. 594, 18 L. Ed. 897. Measured by these definitions the tax here in question is clearly an excise tax. The exaction thereof does not require the intervention of assessors or appraisers to estimate the value of the property. It does not become a property tax by reason of the fact that a certain prescribed sum is exacted upon the sale of each pelt. The fact that it establishes a schedule by which a specific sum is levied upon each article of commerce dealt in by the fur buyer does not change the nature of the tax. 26 R. C. L. 37.

The plaintiff in error likens the present case to Thompson v. McLeod, 112 Miss. 383, 73 South. 193, L. R. A. 1918C, 893, Ann. Cas. 1918A, 674. In that case the Legislature levied what was designated a "privilege tax" or "occupational fee" upon persons pursuing the business of extracting turpentine from standing trees, amounting to one-fourth of one cent each year for each cup or box. It was held to be in effect a property tax, for the reason that it was not a privilege of selling resin or the gum of the trees, but a tax on the privilege or right of the owner or licensee of pine trees to extract turpentine from standing trees. The reasoning is not convincing, and we incline toward the views expressed in the dissenting opinion in that case, that the tax was a tax on the business and not on property. This conclusion is sustained by decisions of the Supreme Court and of this court.

In Choctaw, O. & G. R. Co. v. Harrison, 235 U. S. 292, 35 Sup. Ct. 27, 59 L. Ed. 234, the tax under consideration was a tax upon the gross sales of coals dug from mines of which the taxpayer was the lessee, and was to be paid in addition to an ad valorem tax upon the

mining property. The court said that the manifest purpose of the act was to—

"reach all sales and secure a certain percentage thereof—a method commonly pursued in respect of license and occupation taxes. * * * A tax upon a merchant's, manufacturer's, or miner's gross sales is not the same thing as one on his stock treated as property. Cooley on Taxation (3d Ed.) p. 1095. The former is upon his business. In effect, the Oklahoma act prescribes an occupation tax."

So in Ohio Tax Cases, 232 U. S. 576, 34 Sup. Ct. 372, 58 L. Ed. 737, the tax of 4 per cent. in the nature of an excise tax was placed upon the entire gross earnings of railroads for business done within the state, excluding all earnings derived from interstate business, for the privilege of carrying on intrastate business. The court held that the tax was "in substance as well as in form an excise or privilege tax." In line with the foregoing are Alaska Fish Co. v. Smith, 255 U. S. 44, 41 Sup. Ct. 219, 65 L. Ed. 489; Alaska Pacific Fisheries v. Alaska, 236 Fed. 52, 149 C. C. A. 262; Alaska Mexican Gold Min. Co. v. Territory of Alaska, 236 Fed. 64, 149 C. C. A. 274.

The conclusion which we have reached in regard to the nature of the tax disposes of the contention that the act is void for failure to comply with that provision of the Organic Act which declares, "No law shall embrace more than one subject, which shall be expressed in its title;" the basis of the contention being that the act imposes a property tax, and therefore a tax which was not included in the title, "An act to impose a license tax on the business of fur farming," etc.

The judgment is affirmed.