### TRUSLER v. CROOKS et al.

(District Court, W. D. Missouri, W. D. July 30, 1924.)

#### No. 5783.

1. **Constitutional law** ☞68(4)—**Internal revenue** ☞1—**Congressional power may not be restrained by judiciary.**

Power of Congress to levy and collect taxes, duties, imposts, and excises is beyond question, nor can judiciary restrain such power, though taxes imposed may be onerous, burdensome, and prohibitive.

2. **Internal revenue** ☞2—**Tax imposed by Future Trading Act held not a penalty.**

Tax imposed by Future Trading Act, § 3. on privileges or options for contract for sale of grain, is not penalty.

3. **Internal revenue** ☞2—**Tax imposed by Future Trading Act held constitutional.**

Future Trading Act, § 3, imposing tax on every privilege or option for contract, either of purchase or sale of grain, known to trade as indemni-ties, *held* constitutional, in view of power conferred by Const. art. 1, § 8.

At Law. Action by H. P. Trusler against Noah Crooks, individually and as Collector of Internal Revenue for the Sixth District of Missouri. Judgment for defendants.

Morrison, Nugent, Wylder & Berger, of Kansas City, Mo., for plain-tiff.

C. S. Walden, Asst. U. S. Attv., and Charles C. Madison., U. S. Dist. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge. This is an action at law against the col-lector of internal revenue for the Sixth district of Missouri to recover the sum of $200 in taxes heretofore paid under protest. The tax was exacted upon a written contract executed by the plaintiff October 23, 1923. By the terms of said contract, in consideration of $1, plaintiff granted a privilege or option for a contract for the sale of grain in the form commonly known as an "indemnity." He was a member of the Board of Trade of the city of Chicago, but a citizen and resident of Emporia, in the state of Kansas. The tax was paid by affixing to the written instrument internal revenue stamps issued by and bought of the United States for that purpose. Plaintiff had purchased said stamps, for which he paid in cash $200. He preserved all his rights by informing the collector of the purpose for which said purchase was being made, challenging the constitutionality of the law under which said requirement was made, and making the payment under protest.

The statute, under the provisions of which the tax was imposed, is section 3 of an Act of August 24, 1921 (42 Statutes at Large, 187), and is known as "the Future Trading Act." It is entitled:

"An act *taxing contracts for the sale of grain for future delivery, and options for such contracts,* and providing for the regulation of Boards of Trade, and for other purposes."

Section 3 is as follows:

"That in addition to the taxes now imposed by law there is hereby levied a tax amounting to 20 cents per bushel on each bushel involved therein, whether the actual commodity is intended to be delivered or only nominally referred to, upon each and every privilege or option for a contract either of purchase or sale of grain, intending hereby to tax only the transactions known to the trade as 'privileges,' 'bids,' 'offers,' 'puts and calls,' 'indemnities,' or 'ups and downs.' "

Section 4 of said act has heretofore been held unconstitutional. Hill v. Wallace, 259 U. S. 44, 42 Sup. Ct. 453, 66 L. Ed. 822. Section 11 of said act, however, provides:

"That if any provision of this act or the application thereof to any person or circumstances is held invalid, the validity of the remainder of the act and of the application of such provision to other persons and circumstances shall not be affected thereby."

Moreover, it was specifically held in the Wallace Case, supra, that said section 3, with other provisions of the act, was not affected by the conclusion reached in that case. In fact the court said, after quoting section 3 and in reference thereto:

"This is the imposition of an excise tax upon certain transactions of a unilateral character in grain markets which approximate gambling or offer full opportunity for it and does not seem to be associated with section 4. Such a tax, without more, would seem to be within the congressional power."

Plaintiff challenges the constitutionality of said section 3 upon the grounds that it is violative of section 8, article 1, of the national Constitution and also violative of the Tenth Amendment to that instrument. Pertinent provisions of section 8, article 1, of the Constitution of the United States, provide that:

"The Congress shall have power to lay and collect taxes * * * and excises, to pay the debts and provide for the common defense and general welfare of the United States; but all * * * excises shall be uniform throughout the United States."

The Tenth Amendment to the Constitution is a reservation of all power to the states not specifically delegated to the United States by the Constitution.

### Memorandum Opinion.

[1] 1. The power of Congress to levy and collect taxes, duties, imposts, and excises is beyond question and need not be discussed here. The judiciary can place no restraint upon this power, even though the taxes imposed may be onerous, burdensome, and prohibitive. Hamilton v. Kentucky Distilleries Co., 251 U. S. 146, loc. cit. 156, 40 Sup. Ct. 106, 64 L. Ed. 194; Alaska Fish Co. v. Smith, 255 U. S. 44, loc. cit. 48, 41 Sup. Ct. 219, 65 L. Ed. 489; Rast v. Van Deman & Lewis, 240 U. S. 342, loc. cit. 366, 36 Sup. Ct. 370, 60 L. Ed. 679, L. R. A.

1917A, 421, Ann. Cas. 1917B, 455; McCray v. United States, 195 U. S. 27, loc. cit. 54, 24 Sup. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561.

[2] 2. It is urged by able counsel for the plaintiff that the tax in the instant case is a penalty, and not a tax. This contention cannot be sustained, as the penalties referred to by counsel attach to that legislation where the Congress has mistakenly endeavored to regulate business clearly within state control and to enforce such regulations by the imposition of a tax. Such was the situation in the Child Labor Tax Case, 259 U. S. 20, 42 Sup. Ct. 449, 66 L. Ed. 817; also Hill v. Wallace, supra. In the latter case, section 4 of the act under observation sought to impose a tax, but such tax was so interwoven with regulations as to give it the aspect of a penalty for failure to observe such regulations, rather than a tax.

[3] In the instant case, section 3 provides for the imposition of a tax, without regard to regulations, and such tax meets the requirement of uniformity. It is in compliance with and not violative of the Constitution, and its enactment is the exercise of a power clearly conferred upon the Congress by the Constitution.

The imposition of the tax was a valid levy, and recovery cannot be had.