## PACIFIC AMERICAN FISHERIES v. TERRITORY OF ALASKA.[*]

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924. Rehearing Denied November 24, 1924.)

### No. 4246.

1. **Commerce** ⬥63 — **Alaska statute taxing canneries held not unlawful interference with interstate commerce, as applied to foreign corporation.**

Laws Alaska 1921, c. 31, § 1, subd. 8, as amended by Laws 1923, c. 101, imposing license tax on canneries, is not invalid, as interfering with interstate commerce, as applied to foreign corporation canning fish for purpose of transportation and sale outside Alaska.

2. **Statutes** ⬥55 — **Alaska statute imposing license tax on fish canneries does not violate Organic Act.**

Laws Alaska 1921, § 1, subd. 8, as amended by Laws 1923, c. 101, imposing license tax on fish canneries, does not violate any provision of Organic Act of Alaska (Comp. St. §§ 3528-3544, 3559).

3. **Licenses** ⬥1—**Alaska cannery license act does not tax property.**

Laws Alaska 1921, c. 31, § 1, subd. 8, as amended by Laws 1923, c. 101, imposing license tax on fish canneries, does not tax property.

[*]Certiorari granted 45 S. Ct. 353, 69 L. Ed. ——.

**4. Statutes ⚖=55 — Alaska act imposing license tax on fish canneries held not violation of United States fish laws.**

Laws Alaska 1921, ·c. 31, § 1, subd. 8, as amended by Laws 1923, c. 101, imposing license tax on fish canneries, is not invalid, as altering, amending, modifying, or repealing existing fish laws of United States applicable to Alaska.

**5. Licenses ⚖=7(4)—Tax imposed on fish canneries in Alaska held not unreasonable and discriminatory.**

Laws Alaska 1921, c. 31, § 1, subd. 8, as amended by Laws 1923, c. 101, imposing license tax on fish canneries, graduated according to number of cans, *held* not invalid, as unreasonable and discriminatory.

In Error to the District Court · of the United· States for the Territory of Alaska, Division No. 1; Thomas M. Reed, Judge.

Action by the Territory of Alaska against the Pacific American Fisheries. Judgment for the Territory, and defendant brings error. Affirmed.

The plaintiff in· error, a corporation of the state of Maine, and authorized to conduct business in the territory of Alaska, was sued by that territory for the collection of certain graduated license taxes claimed to be due it from the defendant in the action, because of the canning of certain described salmon subsequent to the 5th day of May, 1923—the complaint containing four alleged causes of action; the first growing out of such canning at its cannery at Excursion Inlet, the second at its cannery at Ikatan, the third at its cannery at King Cove, and the fourth at its cannery at Port Moller. Each of the · counts of the complaint set out the quantities of salmon so canned at the respective canneries, giving a description of the different kinds of fish and the respective amounts remaining due the territory under its statute of 1923.

It will be sufficient to state the allegations of the first count respecting the kinds and quantities of fish so canned and the amount of taxes remaining due thereon; those stated in the other ·counts being similar. The first count charges that the defendant to the action, subsequent to May 5, 1923, packed and canned at Excursion Inlet "8,950 cases of kings, reds, or sockeyes, 48,042 cases of medium red, Cahoe and pink salmon, and 5,879 cases of chum salmon; that by reason of said facts there became due and owing plaintiff from defendant as a license tax on said pack, under the provisions of clauses (b), (c), (d) and (f), subdivision 8, section 1, chapter 31, of the Session Laws of Alaska of 1921, as amended by chapter 101 of the Session. Laws of Alaska of 1923, the following sums:

| | |
|---|---:|
| On kings, reds, or sockeye-salmon at 10 cents per case | $ 859.00 |
| On medium reds, Cahoes, and pink salmon at rate of 4½ cents per case for 48,042 cases | 2,161.89 |
| An additional 2 cents per case on 15,000 cases | 300.00 |
| An additional 4 cents per case on the remaining 8,042 cases | 321.68 |
| On chums at rate of 3 cents per case for 5,879 cases | 176.37 |

The plaintiff demurred to the answer, which set up many grounds not necessary to be here referred to; the main contention as stated at the oral argument being that the statute levying the taxes sued for is void, because contrary to the Constitution of the United States as well as to the Act of Congress of August 24, 1912 (37 Stat. 512 [Comp. St. §§ 3528–3544, 3559]), creating a Legislature for the territory, and that the classifications contained in the statute complained of (section 8 of the 1923 statute) are so unreasonable and discriminatory as to render them void. So far as pertinent, section 8 is as follows:

"(a) Clam canneries, three (3) cents per case.

"(b) Salmon canneries: On kings, reds, sockeyes, ten (10) cents per case.

"(c) On a pack of kings, reds and sockeyes, counted together, at any one cannery, an additional tax shall be paid as follows:· On all cases in excess of ten thousand (10,000) and not more than twenty-five thousand (25,000), five (5) cents per case; on all cases in excess of twenty-five thousand (25,000) and not more than forty thousand (40,000), ten (10) cents per case; on all cases in excess of forty thousand (40,000) and not more than fifty thousand (50,000), fifteen (15) cents per case; on all cases in excess of fifty thousand (50,000), twenty (20) cents per case.

"(d) On medium reds, cahoes, and pinks, four and one-half (4½) cents per case.

"(e) On a pack of medium reds, cahoes, and pinks, counted together, at any one cannery, an additional tax shall be paid as follows: On all cases in excess of twenty-five thousand (25,000) and not more than forty thousand (40,000), two (2) cents per case; on all cases in excess of forty thousand (40,000) and not more than fifty thousand (50,000), four . (4) cents per case; on all cases in excess of fifty thousand (50,000), six (6) cents per case.

"(f) On chums, three (3) cents per case.

"In addition to the above tax, salmon canneries shall pay one per cent. of their net annual income. The net income shall be determined in the same manner as the net income is determined under the federal Income Tax Law, except that no deduction shall be allowed on account of interest on bonds or money borrowed except on account of other territorial taxes paid."

The ground upon which it is claimed that this statute contravenes the Constitution of the United States is that it is an interference with interstate commerce, and the ground upon which it is claimed that it is in conflict with the Organic Act of Alaska is that its provisions forming the basis of the taxes sued for are in contravention of that section of the Organic Act of the territory prohibiting its Legislature from altering, amending, modifying, or repealing the then existing fish and game laws applicable to that territory.

Chickering & Gregory, of San Francisco, Cal., Kerr, McCord & Ivey, of Seattle, Wash., R. E. Robertson and H. L. Faulkner, both of Juneau, Alaska, and Blair S. Shuman, of San Francisco, Cal., for plaintiff in error.

John Rustgard, of Juneau, Alaska, for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). [1] We see no merit in the contention that the imposition by the Legislature of Alaska of the license taxes in question was in any way an interference with interstate commerce. True, the plaintiff in error is a corporation of the state of Maine and engaged in the business of catching and canning fish in the waters of that territory for the purpose of transporting and selling them in states and other places outside of Alaska; but that no more makes the fish so caught and canned interstate commerce than would the wheat, barley, corn, wool, or other products of the agriculturists and stockraisers of Alaska, or the metals taken by a citizen of one of the states out of the ground of Alaska thereupon become interstate commerce. When *moving in transportation from the territory* to outside states, such property undoubtedly thereupon becomes interstate commerce, but not before. This, in our opinion, is very clear.

[2, 3] Does the statute imposing the taxes in question violate any provision of the organic Act of Alaska, enacted by Congress in 1912? We have no doubt that the business of catching and canning the fish constituted but one business, which business the Legislature of the territory was expressly authorized to tax by the organic act. That such a tax is not a property tax has been expressly decided, both by this court and by the Supreme Court of the United States. See Alaska Pacific Fisheries v. Territory of Alaska, 236 F. 52, 61, 149 C. C. A. 262; Alaska Fish Co. v. Smith, 255 U. S. 44, 50, 41 S. Ct. 219, 65 L. Ed. 489.

In the Alaska Pacific Fisheries Case, supra, 236 F. 52, 57, 149 C. C. A. 262, we further expressly held that one of the purposes conferred by the Organic Act on the terrorial Legislature was "the creation of *revenue* by imposition of a license tax on the business of canning" fish. It cannot, therefore, be now held, as plaintiff in error urges should be done, that the purpose of the Legislature in imposing the license taxes here complained of was a mere *regulation* of the canning business without overruling the views of this court heretofore expressed, which we are not disposed to do. In the latter case (236 F. 52, 57, 149 C. C. A. 262, 267) we further held that, "when Congress, in 1912, conferred the legislative power which we have shown exists, while it expressly withheld power to alter or amend laws pertaining to fish and other certain subjects and saved certain laws then in force, it nevertheless unmistakably transferred power to the newly created legislative body to impose other and additional taxes and licenses; that is, power to impose taxes different from, and it might be additional to, those already in force when the Organic Act was approved. And thus by the Organic Act those general provisions for the protection of the fish which we find in the act of 1906 were kept in force without possibility of alteration, amendment, or repeal by the territorial Legislature, and the specific license tax provided by the act of 1906 was kept in force, but with power transferred to the Legislature to impose, if it should see fit, other and additional license taxes."

[4] We are not able to say that the imposition by the Legislature of the territory, under the authority conferred upon it by Congress, of the license taxes in question to provide necessary revenue, is in any way altering, amending, modifying, or repealing the then existing fish laws of the United States applicable to Alaska. In Alaska Fish Co. v. Smith, 255 U. S. 44, 41 S. Ct. 219, 65 L. Ed. 489, the Supreme Court sustained

the authority of the Legislature of the territory to impose a license tax upon the manufacture of oil and fertilizer from fish, holding that the imposition of such a tax was not a modifying or repealing of the fish laws of the United States; and in the case of Haavik v. Alaska Packers' Assn., 263 U. S. 510, 44 S. Ct. 177, 68 L. Ed. 414, the same court held in effect that the imposition of an annual poll tax and an annual license tax on nonresident fishermen in Alaska was not a violation of the United States fish laws.

Unlimited power to tax an industry in one sovereignty seems rather inconsistent with the reservation of a power to regulate that industry by another sovereignty, as the power to tax involves the power to destroy, and may be so exercised as to render any attempt at regulation useless and abortive. The question presented by the record in this case is, in our opinion, close to the border line; but we are not prepared to say that the territory has exceeded the limits of its taxing power as heretofore defined by the courts.

[5] Nor are we able to agree with counsel for the plaintiff in error that the classifications contained in the act in question are so unreasonable and discriminatory as to render them void. As admitted by the attorney for the defendant in error, they undoubtedly discriminate in favor of small canneries and against the large ones. In Patton v. Brady, 184 U. S. 608, 623, 22 S. Ct. 493, 498 (46 L. Ed. 713, the Supreme Court said: "It is not the province of the judiciary to inquire whether the excise is reasonable in amount, or in respect to the property to which it is applied. Those are matters in respect to which the legislative determination is final." See Giozza v. Tiernan, 148 U. S. 657, 661, 662, 13 S. Ct. 721, 37 L. Ed. 599.

The judgment is affirmed.