**ALASKA CONSOL. CANNERIES, Inc., et al. v. TERRITORY OF ALASKA.**

Circuit Court of Appeals, Ninth Circuit. December 3, 1928.

No. 5431.

J. A. Hellenthal and S. Hellenthal, both of Juneau, Alaska, for plaintiffs in error.

John Rustgard, Atty. Gen., for the Territory of Alaska.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. In February and March, 1923, the appellant companies took out several licenses to operate fish traps in Alaskan waters and paid as fees at the rate of $200 per trap, as was then required by the laws of the territory. On May 5, 1923, the Legislature passed an amendatory act (Laws Alaska 1923, c. 101) by which there was added to the $200 fee at the rate of $2 per 1,000 for all fish caught in any one trap in excess of 100,000, and by virtue of an emergency clause the act became immediately effective. Up to that time the appellants had caught no fish, but during the remainder of the calendar year they took in excess of 100,000 in each trap. They declined to make any further license payment, and this suit was brought to recover from them an amount arrived at by computing the excess catch at the rate of $2 per 1,000 as provided in the amendatory act. To an answer setting up certain legal defenses, a demurrer was sustained, and, the appellants declining to plead further, judgment was entered against them, from which they prosecute this appeal.

They first contend that the exaction is void, because it is essentially a property tax, and is not according to value, as required by the Organic Act of the territory. But we think it is an excise and not a property tax; we so held in Alaska Pacific Fisheries v. Territory of Alaska (C. C. A.) 236 F. 52. The slight differences between the law as it then

stood and as now amended are inconsequential. See, also, Pacific American Fisheries v. Territory of Alaska (C. C. A.) 2 F.(2d) 9; Id., 269 U. S. 269, 46 S. Ct. 110, 70 L. Ed. 270, and Alaska Consolidated Canneries v. Territory of Alaska (C. C. A.) 16 F.(2d) 256.

 It is also contended that by the amendatory act the Legislature did not intend that its provisions should apply where, prior to its passage, licenses had issued, and further that, if such was the intent, it cannot be given effect, for a license so issued constitutes a contract which the Legislature is without power to impair. Both contentions we think are ruled adversely by Alaska Consolidated Canneries v. Territory of Alaska, supra. The distinction attempted to be made by putting a strained construction upon the clause "where the taxes were not a fixed sum," found in the latter part of that decision, is unsubstantial. In principle the two cases are the same, and the reasoning there employed is equally cogent here. To hold otherwise would be to say that only a contract, the obligations of which have been fully performed by the one party thereto, is protected against impairment.

Affirmed.