## CONSTANTINE v. UNITED STATES. *
### No. 7627.

Circuit Court of Appeals, Fifth Circuit.
March 15, 1935.

*Rehearing denied April 2, 1935.

William S. Pritchard, of Birmingham, Ala., and Richard T. Rives, of Montgomery, Ala., for appellant.

Jim C. Smith, U. S. Atty., and Robert B. Harwood, Asst. U. S. Atty., both of Birmingham, Ala.

J. M. Hull, of Augusta, Ga., and Welborn B. Cody and W. A. Sutherland, both of Atlanta, Ga., amici curiæ.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, Constantine, was convicted of violating section 701, Revenue Act of 1926, section 206, title 26 USCA. He was, and for more than a year before the information was filed had been, engaged in Birmingham, Ala., in the business of a retail liquor dealer in malt liquors having an alcoholic content of more than one-half of 1 per cent. For the year 1933–1934 he paid the $20 tax prescribed by section 205(c), 26 USCA, for retail dealers in malt liquors. For the year 1934–1935 he paid the $25 tax prescribed by section 205(a), 26 USCA, for retail liquor dealers. When these respective payments were made, though to deal in malt liquors as he was proposing to do was in violation of the laws of the city of Birmingham and the state of Alabama, this was all the tax that was demanded of him. He was not requested to pay the special excise tax of $1,000 imposed by section 701, Revenue Act 1926, for the failure to pay which he has been prosecuted. He supposed, and with reason, that he was fully paying all the taxes the government would require of him, for at that time what is now claimed to be a tax was by Treasury ruling and by Department regulations and practices declared and recognized to be not a tax, but a penalty.[1] The District Judge found the facts of departmental and administrative acts and rulings to be as set out in note 1, but he thought them immaterial. He thought the intention and effect of the statute to impose a tax plain on its face; that the tax was valid; and that defendant, having failed to pay it, was subject to be prosecuted and convicted under it. We do not find the statutory intent and effect so plain as that its history and administrative interpretation may not be looked to for the light they

---

[1] By Treasury Decision No. 3911, the Department, on June 30, 1926, under taxes classed as penalties, placed that prescribed by section 701. On October 4, 1933, after the repeal of the Eighteenth Amendment, the Commissioner of Internal Revenue issued a mimeograph, No. 4077, XII-2 C B 500, with regard to internal revenue taxes and duties, continuing with the repeal of the Eighteenth Amendment. The imposition of section 701 was not in this list. The collector of the District of Alabama issued a circular to all beer and liquor dealers—"There is enclosed herewith Form 11, on which you are privileged to make application for special excise stamp as a dealer in alcoholic beverages. * * * The rates for the fiscal year, July 1934 to June 1935 are retail liquor dealers, $25." No reference was made in this circular to the tax now claimed. It was only in September, 1934, when a change of policy occurred, that the special excise tax imposed by section 701 was declared to be a true tax and not a penalty, and the collector of the Alabama District was instructed to collect it, issuing receipts for the $1,000 until stamps could be printed.

throw. Nor, looking to them and construing the statute with their aid, are we able to agree with the District Judge that it imposed a tax, rather than a penalty. We agree rather with appellant, that the statute did not attempt to, it did not, impose a tax; that it imposed a penalty as part of the enforcing machinery of the Eighteenth Amendment, and fell with it. We think that the language of the act,[2] in requiring all kinds of handlers of intoxicating liquors to pay the same amount, instead of, as liquor taxing acts do, making the exaction fit the business done, its history from its first introduction on February 24, 1919,[3] after the passage of the War Time Prohibition Act (40 Stat. 1046) and the adoption of the Eighteenth Amendment, the judicial construction [4] given to this section and the general Revenue Acts, in relation to the National Prohibition Act in general (27 USCA § 1 et seq.), and section 35 of title 2 of that act, section 52, title 27 USCA, and section 5 of the Willis-Campbell Act, section 3, title 27 USCA, in particular, the administrative interpretation which has followed these decisions, the Act of March 22, 1933, 48 Stat. 16, authorizing the manufacture and sale of beer, and, generally, the failure of Congress to re-enact this section since the repeal of the Eighteenth Amendment, put beyond question that its function and purpose was to penalize and prohibit; that it was enacted as a penalty, not a tax; and that it may not now, the amendment which authorized it repealed, be enforced as a penalty. Bailey v. Drexel Furniture Co., 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, 21 A. L. R. 1432; Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822.

The additional consideration, that it is gravely doubtful whether, if the act be construed as imposing an excise tax, it would be valid, since applicable to some states and portions of states and not to others, it is wanting in that geographical uniformity essential to the valid exercise by Congress of such taxing power, further impels to the view that the imposition of the act is not a tax, but a penalty. Knowlton v. Moore, 178 U. S. 41, 77, 20 S. Ct. 747, 44

---

[2] Miscellaneous Occupational Taxes, § 701. "On and after July 1, 1926, there shall be levied, collected, and paid annually, in lieu of the tax imposed by section 701 of the Revenue Act of 1924, a special excise tax of $1,000, in the case of every person carrying on the business of a brewer, distiller, wholesale liquor dealer, retail liquor dealer, wholesale dealer in malt liquor, retail dealer in malt liquor, or manufacturer of stills, as defined in section 3244 as amended and section 3247 of the Revised Statutes, in any State, Territory, or District of the United States contrary to the laws of such State, Territory, or District, or in any place therein in which carrying on such business is prohibited by local or municipal law. The payment of the tax imposed by this section shall not be held to exempt any person from any penalty or punishment provided for by the laws of any State, Territory, or District for carrying on such business in such State, Territory, or District, or in any manner to authorize the commencement or continuance of such business contrary to the laws of such State, Territory, or District, or in places prohibited by local or municipal law.

"Any person who carries on any business or occupation for which a special tax is imposed by this section, without having paid such special tax, shall, besides being liable for the payment of such special tax, be subject to a penalty of not more than $1,000 or to imprisonment for not more than one year, or both." Vol. 44, Stats. at Large, p. 95.

[3] As it then appeared, subdivision 12, § 1001, Special Taxes, 40 Stats. at Large, pp. 1126, 1128, its substance was the same as the 1926 enactment, except that instead of providing for the levy of "a special excise tax of $1,000" in the case of the persons affected, it provided that they "shall pay, in addition to all other taxes, special or otherwise, imposed by existing law or by this Act, $1,000." Another difference between the two acts is that the first did not affix a penalty as the 1926 Act did, for engaging in business without paying the $1,000. In 1921 it was re-enacted as subdivision 12, § 1001, Miscellaneous Occupational Taxes, 42 Stats. at Large, pp. 295, 296. In 1924 it was re-enacted as subdivision 9, § 701, Miscellaneous Occupational Taxes, 43 Stats. at Large, pp. 326, 327 (26 USCA § 206 and note). Taking its final form in 1926, it has not since been re-enacted.

[4] United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358; Lipke v. Lederer, 259 U. S. 557, 560, 42 S. Ct. 549, 66 L. Ed. 1061; United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 281, 75 L. Ed. 551; United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Fontenot v. Accardo (C. C. A.) 278 F. 871.

L. Ed. 969; Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312; State of Florida v. Mellon, 273 U. S. 12, 47 S. Ct. 265, 71 L. Ed. 511. It is, of course, not doubted that Congress may penalize and discourage by taxing, and that the fact that a tax so operates is no objection to it as a tax. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, and cases cited in it. Alaska Fish Salting & By-Products Co. v. Smith, 255 U. S. 44, 41 S. Ct. 219, 65 L. Ed. 489; United States v. One Ford Coupé, supra. Particularly is it true that the fact that a business is prohibited by a state law does not prevent the imposition of a federal tax upon it. License Tax Cases, 5 Wall. (72 U. S.) 462, 18 L. Ed. 497. It is also certainly true that what is named and exacted as a tax is not converted into a penalty merely because the main purpose and effect of its imposition is to act as a deterrent. In each case of doubt as to whether an act imposes a penalty or a tax, the question must be determined upon a consideration of its language, its operation and effect, and particularly of the consequences which one or the other construction will entail. It is a cardinal rule that "where a particular construction of a statute will occasion great inconvenience or produce inequality and injustice, that view is to be avoided if another and more reasonable interpretation is present in the statute." Knowlton v. Moore, supra. And another such rule is that "a statute must be construed, if fairly possible, so as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score." United States v. La Franca, supra; Baender v. Barnett, 255 U. S. 224, 41 S. Ct. 271, 65 L. Ed. 597; United States v. Jin Fuey Moy, 241 U. S. 394, 36 S. Ct. 658, 60 L. Ed. 1061.

The application of these rules to the construction of this statute leaves us in no doubt that we must construe its imposition as a penalty, and not as a tax. Its lumping under one head, and subjecting to one tax all persons engaged in any branch of the liquor business, instead of classifying them and taxing each in accordance with the business he engages in, as revenue acts commonly do, is highly significant that the act was intended to be, and was, a penalty measure. Significant, too, is its ambulatory character, applying not by application in particular localities of a rule geographically uniform, but by its own terms now here, now there, in this or that state, this or that locality ac-cording to state laws or local conditions. The administrative rulings and acts of departmental officers treating it as a penalty section when enacted, and as repealed with the amendment, when considered by themselves, have the same significance. When all of these things are considered in connection with the inconvenience and injury to the revenue of this prohibitive exaction, and the injustice to the dealers who, in reliance upon these rulings, have paid the taxes demanded, it stands out more clearly that this is the more reasonable view. When, in addition to all of this, the doubtful constitutionality of the section for want of geographical uniformity, if construed as a taxing act, is considered, we think assurance is made doubly sure that it should not be so construed.

The judgment of conviction may not stand. It is reversed and the complaint is dismissed.