GONZALES, Judge.
Plaintiff Sidney W. Lassen filed this action against the City of Slidell, its Mayor and Councilpersons, St. Tammany Parish and its Police Jurors, alleging that the defendants violated his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff contends that in mid-1986 he had begun “conceptual planning” of a shopping center development to be located in an unincorporated area of St. Tammany Parish. Plaintiff alleges he had secured leases with two prospective tenants and had obtained a financing commitment for the development when the actions of the defendants resulted in the loss of his development project.
When Lassen acquired the property in December of 1983, it was undeveloped, unincorporated by any municipality, and situated entirely in St. Tammany Parish. The property bordered the then existing boundaries of Slidell. The property was adjacent to (and formerly a portion of a larger tract that included) property owned by Homart Development Co., Inc. Upon learning of the shopping center developments planned by both Homart and Lassen, the city of Slidell and St. Tammany Parish contacted both developers to negotiate sales tax payment and utilities required by each development. Slidell persuaded Homart to have its property annexed into the city and pay the city’s eight percent (8%) sales tax. Lassen entered negotiations over the terms of an annexation into Slidell, but an agreement was never reached.
In July of 1986, the St. Tammany Parish Police Jury created a Sales Tax District pursuant to La. Const. Art. 6, Section 19, 30 and 29(B), and La.R.S. 33:2721.6. The proposed district included all property within the parish, including the Lassen property, which had not been incorporated into municipal boundaries as of the date of the creation of the Sales Tax District. The tax, if approved, would levy a 2 percent sales and use tax to be used to repair roads on property within the Sales Tax District. The Sales Tax District was approved by the electorate on November 4, 1986. Within a few days after the November 1986 election the Slidell City Council voted to forcibly annex Lassen’s property. Consequently Lassen’s property became subject to a total of ten percent (10%) in sales tax, consisting of the city’s eight percent (8%) sales tax and the two percent (2%) St. Tammany Parish tax. Lassen alleges that because the neighboring Homart property was subject to only eight percent (8%) sales tax, Lassen’s two anchor tenants, Delchamps and REVCO, withdrew from their leasing agreements and Lassen lost his financing commitment to develop the property. Lassen alleges he has suffered an inverse condemnation or taking of his property in violation of his Fifth Amendment rights to just compensation and in violation of his right to equal protection under the Fourteenth Amendment. Plaintiff’s petition seeks monetary damages under La.C.C. art. 2315 and a declaratory judgment decreeing that his property is only subject to an eight percent (8%) tax.
In response to Lassen’s suit, the defendants filed a peremptory exception raising the objections of prescription and no cause of action. The Twenty-Second Judicial District Court of St. Tammany, Judge A. Clayton James presiding, overruled the objection of prescription and sustained the objection of no cause of action. Lassen then filed this appeal.
Plaintiff alleges one assignment of error:
1. Whether the District Court erred in sustaining St. Tammany Parish’s exception of no cause of action and dismissing with prejudice Lassen’s claims against the Parish without providing Lassen with an opportunity to amend his petition.
INVERSE CONDEMNATION
Plaintiff alleged that the defendants’ actions caused an inverse condemnation or a taking of all use of his property for which he has not received just compensation in violation of the Fifth Amendment of the Constitution of the United States and Article 1, Section 4 of the Constitution of Louisiana. As noted by the trial court in *942 its reasons for judgment, plaintiffs petition seems to attack the validity of the sales tax itself; however, the plaintiff conceded in oral argument and in brief that he did not contest the validity of the tax itself, but rather the actions of the defendants. The tax passed by the Parish of St. Tammany, first approved by its Council and then by its electorate, was found by this Court to be a valid tax in Campbell v. St. Tammany Parish Police Jury, 517 So.2d 192 (La. App. 1st Cir.1987), writ denied, 520 So.2d 424 (La.1988).
Taxing authorities have discretion in setting the rate of legally imposed revenue raising taxes. A legally imposed revenue raising tax is not considered a “taking”. City of Pittsburgh v. Alco Parking Corporation, 417 U.S. 369, 94 S.Ct. 2291, 41 L.Ed.2d 132 (1974); Alaska Fishing Salting & By-Products Co. v. Smith, 255 U.S. 44, 41 S.Ct. 219, 65 L.Ed. 489 (1921). The judiciary is not empowered to review a revenue raising tax solely because it is excessive or will result in the restriction or destruction of a particular business or occupation. These principles apply to Congress under the Fifth Amendment and to state legislative authorities under the Fourteenth Amendment. City of Pittsburgh v. Alco Parking Corporation, 417 U.S. 369, 94 S.Ct. 2291; A. Magnano Company v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109 (1934). As stated by the trial court in its reasons for judgment:
No governmental unit has taken all the use of Lassen’s property. A tax was simply imposed which would be applied to any sales made by merchants who at some time in the future operate a business on plaintiffs property. There was no business operating on plaintiffs property at the time the suit was brought. Plaintiff had only “conceptually” planned a shopping center on the property. He had built no buildings.
Plaintiffs argument of inverse condemnation is patently without merit.
DECLARATORY JUDGMENT
Plaintiff argues next that he is entitled to a declaratory judgment to the effect that his property would be subject to a maximum sales tax of eight percent (8%). In his reasons for sustaining the exception raising the objection of no cause of action as to the declaratory judgment, the trial judge took judicial notice of the fact that the City of Slidell and St. Tammany Parish have entered into a Sales Tax Enhancement Plan which resolved the dispute between them over the sales tax and annexation issue and allows for a maximum of eight percent (8%) sales tax to be collected in the areas which were unincorporated at the time the parish tax was enacted and then later incorporated into the city. Under La. C.C.P. art 931, “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” The judicial notice taken of the agreement entered into by the City of Slidell and St. Tammany Parish is the taking of evidence which La.C.C.P. art. 931 does not allow. Elliott v. United States Fidelity & Guaranty Company, 568 So.2d 155 (La.App.2nd Cir.1990); Pierce v. Board of Supervisors of Louisiana State University, 392 So.2d 460 (La. App. 1st Cir.1979); Dimm v. Granier, 284 So.2d 850 (La.App. 4th Cir.1973). Therefore, the trial court judgment which sustained the peremptory exception raising the objection of no cause of action as to the declaratory judgement is reversed. Under McGowan v. Ramey, 484 So.2d 785 (La. App. 1st Cir.1986), if a petition states two or more causes of action, an objection of no cause of action may be sustained as to one cause of action and overruled as to the other. Employers Mutual Liability Insurance Company of Wisconsin v. Red Simpson, 386 So.2d 961 (La.App. 1st Cir. 1980). But see Pines v. Dr. Carlos D. Moreno, 569 So.2d 203 (La.App. 1st Cir. 1990).
This assignment of error has merit.
THE TORT CLAIM
Plaintiff sought monetary damages under La.C.C.art 2315. According to plaintiff’s petition “In early September, 1986 the Police Jurors, knowing that such action would adversely affect Lassen, passed ordinances and resolutions calling for an elec *943 tion to authorize what amounted to an additional two percent Parish sales tax to apply in a taxing district in which the Lassen Property was then situated.” He also alleges
On November 18, 1986 ... the Councilpersons, without any notice to Lassen and with utter disregard to the ongoing negotiations between the City and Lassen and the effect of sales taxations applying to the Lassen Property, passed an ordinance annexing the Lassen Property into the City without Lassen’s knowledge or consent.
Plaintiff also alleges
The joint actions of the Mayor, the Councilpersons, the City; the Police Jurors and the Parish in imposing a ten percent sales and use tax liability upon the Lassen Property have unfairly and unreasonably discriminated against Lassen, subjecting his property to a higher tax rate than the rates imposed on similarly situated property owners within both the Parish and the City, thus denying Lassen equal protection of the law, in violation of the Fourteenth Amendment of the Constitution of the United States.
[[Image here]]
The actions of the Mayor, the Councilpersons, the City, the Police Jurors and the Parish in regulating the collection of sales and use taxes on the Lassen Property have caused Lassen to suffer damages totaling $12,842,696.00, for which the defendants are each liable in solido unto Lassen, in accordance with Article 2315 of the Louisiana Civil Code.
The City of Slidell, acting through its City Council, arbitrarily and capriciously annexed the Lassen Property, knowing that the Lassen Property would be adversely affected, and that no other development of the Property was contemplated at the time of such annexation.
Louisiana Revised Statute 9:2798.-1(B) provides that “Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policy-making or discretionary acts when such acts are within the course and scope of their lawful powers and duties.” As stated by the trial judge, “Clearly the levying of a sales tax approved by the voters of the sales tax district and the annexation of property by a municipality are within the discretionary acts of the legislative bodies of the parish and city governments.” An exception to the rule for discretionary acts is found in La.R.S. 9:2798.1(C)(2), which states it does not apply “To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct.” Plaintiff has failed to allege the breach of any duty owed to him by the city and parish officials. As admitted by plaintiff in his brief, “The issues presented by Lassen’s case are not comparable to that addressed in any reported decision. In no reported case has a plaintiff been deprived of his investment-backed expectations due to the machinations of two political subdivisions waging a battle for sales tax revenues.” The Police Jurors of St. Tammany Parish created a sales tax district which was approved by the voters of the district. They owed no duty to consult Lassen before doing so and they breached no duty to Lassen in doing so. Even though the plaintiff alleges they were arbitrary and capricious in annexing his property, the Councilpersons of St. Tammany Parish had no duty to notify Lassen or to obtain his approval before passing an ordinance which forcibly annexed his property. If Lassen disagreed with the annexation of his property into the city, he should have sought relief under La.R.S. 33:174, which provides:
Any interested citizen of the municipality or of the territory proposed to be annexed thereto may, within the thirty day period before the ordinance becomes effective, file suit in the district court having jurisdiction over the municipality, to contest the proposed extension of the corporate limits and the question shall be whether the proposed extension is reasonable. ...
Louisiana Revised Statute 33:175 provides “If no suit is filed within the thirty day period, or if no appeal is taken within *944 the legal delays from a judgment of the district court sustaining the ordinance, same shall then become operative and cannot be contested or attacked for any reason or cause whatsoever.” Suit was not filed by plaintiff in this case until January 26, 1988, a year and two months after the annexation took place. Therefore, a suit attacking this annexation appears to have been preempted under La.R.S. 33:175. Thus, on the face of plaintiff’s petition, the annexation would be reasonable and legal. Therefore, plaintiff has failed to state an action in tort, and this exception raising the objection of no cause of action was properly sustained by the trial court. This assignment of error is patently without merit.
SECTION 1983 ACTION
Plaintiffs assignment of error alleges that he should have been allowed to amend his petition to state a cause of action under 42 U.S.C. Section 1983, which protects all citizens from the deprivation of any rights, privileges, or immunities secured by the Constitution by persons acting under color of state law.
Under La.C.C.P. art. 934,
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
This article requires the trial court to allow amendment, rather than dismissing the suit, only where grounds of objection pleaded by peremptory exception may be removed by such amendment; where grounds for objection cannot be so removed, the court must dismiss the suit. Smith v. G.H. Fluid Company, 418 So.2d 6 (La.App. 1st Cir.), writ denied, 422 So.2d 163 (La.1982). Although amendment of a petition is favored whenever possible, amendment is not required prior to dismissal of the action where it would be a vain and useless act. Sutiles v. Gibson, 422 So.2d 1308 (La.App. 5th Cir.1982).
Lassen argues in brief that he can state a cause of action under 42 U.S.C. Section 1983 because St. Tammany and its Police Jurors violated this statute by levying the tax passed by its voters, when they were aware that Lassen’s property would be subject to an unfair sales tax rate. Lassen avers that members of the St. Tammany Parish Police Jury were aware of Slidell’s plan to annex the Lassen property after the tax election. Further, Lassen intends to allege that members of the St. Tammany Parish Police Jury attended the Slidell City Council Meeting wherein Lassen’s property was annexed.
Plaintiff cites, in his argument, the case of Bateson v. Geisse, 857 F.2d 1300 (9th Cir.1988), in which the plaintiff sued a city and its council members for their failure to issue him a building permit. In Bateson, the court awarded damages to the plaintiff developer who lost his financing commitment because of the actions of the defendant municipality. However, the facts in Bateson are readily distinguishable from the facts in the instant case. In Bateson, the city council voted to withhold issuing plaintiff’s building permit although all requirements had been satisfied. The court found that the applicable regulations did not provide for review by the city council before a building permit was issued. All that was required was that the applicants’ building plans comply with the building code and other applicable laws and all fees be paid before the building official was to issue a building permit. In Bateson, the court found that the city council voted to withhold Bateson’s building permit without providing Bateson with any process, let alone “due” process. Bateson v. Geisse, 857 F.2d at 1303. In the present case, there was no unauthorized action by the Parish of St. Tammany or the St. Tammany Parish Police Jury in enacting the Sales Tax District, and plaintiff received due process by the vote of the electorate in approving the tax.
Plaintiff also cites the case of Fulton Market Cold Storage Company v. Culler *945 ton, 582 F.2d 1071 (7th Cir.1978), which found that taxpayers could recover against county and state taxing officials under Section 1983. In Fulton, a corporate property owner brought suit against county and state taxing officials seeking damages on the grounds that defendants had systematically, intentionally and fraudulently assessed plaintiffs property at two and one-half times more than the rate at which property was generally assessed in the county for several years. This very case points out that “Thus an action which seeks to enjoin the ‘assessment, levy or collection of any tax under state law’ may be prohibited. Likewise, an action which seeks a declaratory judgment may also be barred, since a declaration that a particular tax statute is unconstitutional would have a crippling effect upon the state taxing process” Fulton Market Cold Storage Company v. Cullerton, 582 F.2d at 1077. The Fulton case points out that:
While we now hold that Section 1341 does not bar a Section 1983 action for damages, that is not to say whenever a tax official raises a property assessment he exposes himself to a Section 1983 suit ... a compensatory award will be appropriate only if the tax official has acted with such an impermissible motivation or with such intentional or reckless disregard of the plaintiff’s clearly established constitutional rights that his action cannot be reasonably characterized as being in good faith ... (citations omitted). 582 F.2d at 1080.
This Court has already found that the tax at issue was validly enacted, and plaintiff conceded the validity of tax in oral argument and in his brief. The case sub judice is easily distinguished from Fulton. In the present case, plaintiff has never been assessed for the tax at ten percent (10%), nor has he ever paid a ten percent (10%) tax. Plaintiff only “conceptually planned” his shopping center. No buildings were ever built, and no taxes were ever paid.
As stated in Fulton, state or county tax officials will be liable for damages under civil rights statute only if they violate plaintiff’s clearly established constitutional rights. Plaintiff has no clearly established constitutional right which has been violated. Plaintiff admits in brief he was given the same opportunity to negotiate for terms of his annexation as Homart, the neighboring property owner which eventually built a regional shopping center. Plaintiff is at least partially to blame for the series of events of which he now complains. Plaintiff’s allegations against St. Tammany Parish and its officials and the City of Slidell and its officials define no duty owed to him by the city and parish officials and breached by them; therefore there is no liability for discretionary acts under Section 1983 as found in Fulton, 582 F.2d 1071. This Court finds that plaintiff cannot amend his petition to state a cause of action under Section 1983; therefore, to allow such amendment would be a vain and useless act.
This assignment of error has no merit.
DECREE
Therefore, for the foregoing reasons, the judgment of the trial court sustaining the defendant’s exception raising the objection of no cause of action as to the inverse condemnation claim and the tort claim are affirmed; the judgment of the trial court sustaining defendant’s exception raising the objection of no cause of action as to the declaratory judgment is reversed. Plaintiff is cast for all costs.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.