## Dallas Consolidated Electric Street Railway Company v. State of Texas et al.

### Decided June 24, 1909.

**1.—Taxation—Occupation—Street Railways.**

The Act of May 16, 1907, levying an occupation tax upon street railways consisting of a percentage of their gross earnings (Laws, 30th Leg., pp. 479, 489) did not repeal, but was additional to, the occupation tax of $2 per mile of their roads imposed on such companies by the Act of June, 1897 (Laws, 25th Leg., Called Session, p. 56, Ch. 18, sub. 54). (P. 575.)

**2.—Same—Repeal by Implication.**

A statute may repeal a former law by implication, though there be nothing in the provisions of the two which might not stand together if all were inserted in one Act; and the ordinary implication arising from a statute which merely imposes an occupation tax is that it is to be the only tax upon such occupation; but a different intent is expressed in the Act of May 16, 1907, by sec. 22 thereof, viz.: "Except as herein stated, all taxes levied by this Act shall be in addition to all other taxes now levied by law." This mention of all other taxes includes other occupation taxes. (P. 575.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The State of Texas and Dallas County sued the street railway company to recover State and county taxes. They had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Baker, Botts, Parker & Garwood* and *Finley, Knight & Harris,* for plaintiff in error.—The Act of 1897 and that of 1907 here in question are *eo nomine* occupation tax laws, and both levy an occupation tax upon street car companies. While the two laws levy the tax upon a different basis, one upon mileage of track and the other upon gross receipts, they are essentially and confessedly the same character of tax, viz.: occupation tax, and in the absence of express provision to the contrary, the latter act must be construed as intended to supersede and take the place of the older act, if not in toto, at least to the extent that the two acts cover the same subjects of taxation.

There is nothing in the Act of 1907 levying occupation tax upon

the basis of gross receipts which evidences legislative intent that this occupation tax should be in addition to the occupation tax levied by the law of 1897 upon the basis of mileage of track. Section 22, wherein it is provided "except as herein stated, all other taxes now levied by law," manifestly was intended to have reference to other forms of taxes, such as ad valorem, franchise tax, etc., and not to occupation taxes levied by former laws.

While the Act of 1907 contains no general repealing clause of laws in conflict and no clause expressly repealing the Act of 1897, as it embraces the same subject matter, viz.: occupation tax upon street car companies, adopting a new basis for the levy of such tax, and without expressly preserving in force the old occupation tax, it is manifest that the later act was intended as a substitute for the older, and therefore operates as an implied repeal of the old occupation tax upon street car companies. Acts 1907, pp. 479-489; Acts 1897, Spec. Session, pp. 49-58, sub. sec. 54, p. 56; Sayles Rev. Stats, art. 5049, sub. sec. 54; 21 Am. & Eng. Enc. of Law, 814; Shelton v. Silverfield, 104 Tenn., 67; Druggist Cases, 85 Tenn., 449; Bell v. Watson, 3 Lea (Tenn.) 328; Barnard v. Gall, 10 So., 5; Thorpe v. Schooling, 7 Nev., 15; Cooley on Taxation, 295; Sedgwick on Statutory and Constitutional Law, 101-4; Murdock v. Memphis, 20 Wall., 601; Jordan v. State, 15 Ala., 746; Wood v. State, 47 Ark. 488; State v. Studt, 31 Kan., 238; U. S. v. Tynen, 11 Wall., 92; Voight v. Gulf, W. T. & P. Ry., 94 Texas, 366; Bryan v. Sundberg, 5 Texas, 423; Valasquez Ex-parte, 26 Texas, 179; Tunstall v. Wormley, 54 Texas, 480-481; State v. International & G. N. Ry., 57 Texas, 550; Hanrick v. Hanrick, 61 Texas, 601; Harold v. State, 16 Texas Crim. App., 158; Carolan v. McDonald, 15 Texas, 329.

The Constitution and laws of the State do not sanction double taxation, and to hold that appellant is liable to occupation tax under both of these laws is simply to subject it to double taxation without any basis in reason or justice, and the principles involved find no place in our jurisprudence. Acts 1907, pp. 479-489; Acts 1897, Spec. Ses. pp. 49-58, sub. sec. 54, p. 56; Sayles Rev. Stats., art. 5049, sub. sec. 54; Constitution, art. 8, sec. 1; Cooley on Taxation, 227; and cases cited under preceding assignment.

The State not having the right to collect occupation taxes under the old law by reason of the fact that the Act of 1907 superseded the old law insofar as State occupation tax be concerned, the right of a county to collect taxes under the old law was taken away and ceased to exist. Constitution, art. 8, sec. 1.

Every presumption is against a construction which will entail double taxation. It has been continuously held by the courts of this State that, under a Constitution demanding that taxes shall be equal and uniform, double taxation can not be tolerated. Gillespie v. Gaston, 67 Texas, 599; Southwestern T. & T. Co. v. Meerscheidt, 65 S. W., 381; State v. Austin & N. W. Ry. Co., 94 Texas, 530; Hoefling v. San Antonio, 85 Texas, 229; State v. Louisiana & M. Ry., 114 S. W., 956.

The constitutional provision that occupation taxes shall be equal and uniform has been enforced with peculiar strictness. Pullman Palace Car Co. v. State, 64 Texas, 275; Ex parte Woods, 108 S. W., 1171;

*Ex parte Jones,* 38 Texas Crim. Rep., 482; *Ex parte Overstreet,* 39 Texas Crim. Rep., 474; *Poteet v. State,* 41 Texas Crim. Rep., 268; *Rainey v. State,* 41 Texas Crim. Rep., 254; *Owens v. State,* 112 S. W., 1075; Cooley on Taxation (3d ed.), 398, 463, 504, 1100; *Fox's Administrator v. Commonwealth,* 16 Grat., 1; *Crowell v. Jaqua,* 114 Ind., 246.

Should it be conceded that, insofar as the State of Texas is affected, two occupation taxes upon the same occupation are authorized by section 22 of the Act under consideration, nevertheless, it is beyond controversy that the county of Dallas had no right of recovery herein, and the judgment herein is erroneous insofar as it permits a recovery in its behalf. We again quote the section: "Sec. 22: Except as herein stated, all taxes levied by this Act shall be in addition to all other taxes now levied by law; *provided, that nothing herein shall be construed as authorizing any county or city to levy an occupation tax on the occupations and business taxed by this Act.*" It is difficult to understand how clearer language can be used than that employed in the section quoted, with reference to the rights of counties and cities in the premises. The court, by some processs, which we do not follow, construes the italicized words to mean that no county or city shall be authorized to levy the same tax as that imposed by the Act, but there is nothing in the section even remotely to justify such a perversion of the plain intent and meaning of words used.

*Robert V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for the State.

*Dwight L. Lewelling,* County Attorney, and *James L. Goggans,* for Dallas County.—While the Act of 1897 and the Act of 1907, both of which are under consideration herein, are each, eo nomine, occupation tax laws and each levies an occupation tax on street railway companies, the levies are each made upon a different basis, and it appears that not only under the general rules of construction is there no conflict between the two acts, and that the latter act was not intended as a substitute for the former, but the latter act contains an "expression to the contrary."

When the Act of 1907 provided in sec. 22 that "except as herein stated, all taxes levied by this act shall be in addition to all other taxes now levied by law," it meant except as stated in the very act of which these words form a part; and, inasmuch as section 25 of the same act contains the only exception provided in the act, section 22 should be construed just as if it read "all taxes levied by this act shall be in addition to all other taxes now levied by law, except those enumerated in section 25 hereof." The terms "all other taxes now levied by law" as used in said section 22, are broad enough to include and in fact do include not only taxes such as ad valorem, franchise, etc., but also occupation taxes of whatever description.

As repeals by implication are not favored, especially where the rights of the public are involved, it must clearly appear that there is a necessary conflict between the two acts or that the latter was intended as a substitute for the former before the court could decree such repeal.

There is a provision in the Act of 1907 "expressly preserving in force the old occupation tax." Acts of 1907, 479-489, particularly secs. 10, 22 and 25; Acts of 1897, Special Session, pages 49-58, subsecs. 54, 56; Sayles' Rev. Stats., art. 5049, subsec. 54; House Journal, Thirtieth Legislature, First Called Session, pages 62-68, 72, 111, 113 and 405; 1 Sutherland Statutory Construction, (2d ed.), pages 461, etc.; 4 Words and Phrases, 3281.

No authorities are needed to establish the proposition that repeals by implication are not favored. The general rules as to repeal of prior statutes by subsequent statutes are well stated in Lewis' Sutherland Statutory Construction, vol. 1, second edition, pages 461 et seq. It is also a rule that a statute in derogation of an existing statute will be strictly construed, in consequence of the rule that implied repeals are regarded with disfavor. (Id., p. 472.) The intention to repeal will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance. It is the duty of the court, if possible, to so construe the act that both shall be operative. (Id., pp. 464-466.) Repeals by implication are avoided if possible. (Id., p. 510.) Every presumption is against the surrender of taxing power, and doubt must be resolved in favor of the State. (Id., vol. 2, p. 1002.) Where the statute prescribes a general rule, with certain named exceptions, the court will not add to the latter by implication. Roberts v. Yarboro, 41 Texas, 452; Wallace v. Stevens, 74 Texas, 559. Affirmative words in a statute imply a negative of what is not affirmed. Bryan v. Sundberg, 5 Texas, 423; State v. Hutchings, 32 S. W. Rep., 315. The words, "except as herein stated," mean except as stated in the very act or chapter of which they form a part. 4 Words and Phrases, p. 3281. The Legislature has in that chapter excepted certain occupation taxes (section 25); showing conclusively that such taxes were given consideration. Revenue laws are always construed most liberally to effect the end and aim of supplying the government with the means of sustaining its existence. Aulanier v. The Governor, 1 Texas, 665. In passing an act, the Legislature has a right to say what interpretation shall be placed thereon, and its declaration is binding upon the court as to matters arising thereafter. Snyder v. Compton, 87 Texas, 378. A new statute does not repeal an old one by implication, unless there is an irreconcilable conflict between the two. Herndon v. Reed, 82 Texas, 651. While repeals by implication are not favored, there is a rule that a subsequent statute revising the subject matter of a former one, and evidently intended as a substitute for it, must operate as a repeal of the former to the extent to which its provisions are supplied or repealed. Tunstall v. Wormley, 54 Texas, 480. Where there are express words of repeal in the later statute, so far as the two statutes are inconsistent, there is no room for construction save as to the question of conflict, and, insofar as they do conflict, the later act must prevail, but not further. State v. International & G. N. R. R. Co., 57 Texas, 550.

We think that the terms "all other," as used in the Act of 1907, are just as comprehensive and broad as can be briefly made. Kellett v. Kellett, 94 Texas, 206; Callaway v. Boroughs, 19 S. W., 611.

o

The construction of the words "in addition to all other taxes," etc., contended for by appellant, it occurs to us, is directly the opposite of the generally recognized rule of construction embodied in the doctrine of "ejusdem generis," which is to the effect that "where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind." Spalding v. People, 49 N. E., 993-6; Williams v. Williams, 16 Tenn., 20-26; Harmon v. Jennings, 22 Maine, 240.

The "equality and uniformity" clause in article 8, section 1, Constitution of Texas, does not refer to occupation taxes and, subject to the provisions of article 8, section 2, of the Constitution of Texas, the Legislature has a very wide discretion in the matter of fixing such taxes. Where the classification is upon a reasonable or proper basis and the amount so fixed is not in the aggregate unreasonable, prohibitory or confiscatory, the Legislature may, in the exercise of its discretion, levy more than one occupation tax on certain occupations, and any party complaining of such tax has the burden of showing its unreasonableness. Constitution of Texas, art. 8, sec. 2; State v. Galveston, H. & S. A. Ry. Co., 100 Texas, 153; Texas Company v. Stephens, 100 Texas, 628; Brown v. City of Galveston, 97 Texas, 1; 21 Am. and Eng. Ency. of Law (2d ed.), 802 et seq.; Salt Lake City v. Christensen Co., 95 Pac. Rep., 523; Armour Packing Co. v. Lacy, 200 U. S., 226.

The provision in section 1 of article 8 of the Constitution of Texas that "taxation shall be equal and uniform" applies only to a direct tax on property and not to occupation taxes, and does not limit the power of the Legislature as to the subjects of taxation, being intended only to prevent the arbitrary taxation of property according to kind or quality without regard to value. City of Newton v. Atchison, 1 Pac., 288; Phoenix Carpet Company v. State, 22 So., 627; Beebe v. Wells, 15 Pac., 565.

The only restrictive provision to be found in the Constitution of Texas concerning occupation taxes which is material here, is in section 2 of article 8, which declares that "all occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax." Texas Banking Company v. State, 42 Texas, 636; Taylor v. Boyd, 63 Texas, 541; Higgins v. Bordages, 88 Texas, 461. As an illustration of the wide discretion of the Legislature in this connection, we call the court's attention to Armour Packing Company v. Lacy, 200 U. S., 226; Metropolitan Street Ry. v. New York, 199 U. S., 1.

Of the Act of 1907 it may fairly be said that it "does not discriminate against some and favor others, but though limited in its application does within the sphere of its operation affect alike all persons similarly situated." This is also true of the Act of 1907 even when considered in connection with the Act of 1897, assuming that they are both still in full force and effect. Merchants Life Assn. v. Yoakum, 98 Fed., 271; Barbier v. Connolly, 113 U. S., 27; Cooley on Taxation (3d ed.), p. 72 et seq.; Amer. and Eng. Ency. of Law, Vol. 21, page 800 and cases cited in Note 3

We think that the proper construction of the proviso shown in section 22 (Act of 1907) is that if the county has not the power given elsewhere to levy and collect an occupation tax from appellant, then this act (1907) does not confer such power, but if the county has such power derived from other sources, this act does not take it away. State v. Galveston H. & S. A. Ry. Co., 100 Texas, 153.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The question in this case is whether or not so much of the Act of 1897 as levied an occupation tax upon street railway companies of $2.00 per mile of their roads was repealed by the Act of May 16th, 1907, levying an occupation tax upon the same companies, consisting of a percentage of their gross earnings. (Art. 5049, Subd. 54, Sayles Stat.; Laws 30th Leg., 479-489.)

We quite agree with counsel for plaintiff in error, that a statute may impliedly repeal an earlier one by entirely superseding it, although there be nothing in the provisions of the two which might not stand together if all of them were inserted in one Act. This kind of repeal by implication is familiar and takes place when the later Act manifests a clear intention to cover the entire subject of the earlier one and to substitute its own provisions for the others to govern and regulate that subject.

We also agree that the ordinary implication arising from a statute which merely imposes an occupation tax is that it is to be the only tax upon the occupation—all that the State proposes to charge for the pursuit of it; and that we should naturally look for some expression of a different intent when it exists. This much was frankly conceded at the argument by counsel representing the State. The Act of 1907 does contain such expressions as make it clear to our minds that the occupation tax imposed by it on street railway companies was intended as an additional tax and not as a substitution of that previously charged. Such expression is found in Section 22 as follows: "Except as herein stated all taxes levied by this Act shall be in addition to all other taxes now levied by law, provided that nothing herein shall be construed as authorizing any county or city to levy an occupation tax on the occupations and business taxed by this Act."

Counsel for plaintiff in error attempt to limit this sweeping reference to "all other taxes" so that it would mean other kinds of taxes than occupation taxes, and the suggestion, at first, struck us with much force; but the intention thus imputed to the Legislature is made improbable even by the language of this section wherein it denies to the counties the power to levy occupation taxes of the kind levied by this Act. If it also repeals former statutes levying occupation taxes it at once deprives the counties of all power to charge occupation taxes against the corporations here taxed and it is not probable that such a consequence was intended.

Looking to Section 25 of the Act we find that a large part of the taxes referred to by the words of Section 22—"except as herein stated"—as those which are *not* to be charged in addition to those "levied by this Act," were the occupation taxes imposed by the Act of 1905. When, therefore, the Legislature provided by Section 22

that the taxes levied should be in addition to all other taxes with exceptions defined by the Act itself, some of which exceptions were occupation taxes, it is plain that occupation taxes were in mind and that all but those excepted were included in the words "all other taxes" in addition to which those imposed by the Act were to be collected.

The explanation of this additional imposition as an occupation tax is found in the fact that the necessity for increased revenues for the support of the State Government had arisen and had led to the adoption of the policy of taxing certain corporations and businesses upon the basis of their gross receipts, which policy was carried into the Act of 1905, of which the Act of 1907 is largely a revision. The purpose of this legislation, as expressed throughout the former statute and in Section 22 of the latter, was to raise additional revenue to meet a deficit and to provide means for the support of the government, and not, generally, to supplant entirely the existing revenue measures. And hence it was that an additional charge was laid to make up the occupation tax to be paid in future by those mentioned in these acts. If one statute had provided for an occupation tax to consist of the prescribed mileage and also of the percentage of the gross receipts there would be no conflict between the provisions and no question to decide. As it is, the question exists only because of the implication which might arise if the last statute merely levied an occupation tax without expression of intention as to that already levied by other laws. That implication is excluded by the express provisions to which we have referred and no room is left for the contention that the Act of 1907 repeals the part of the Act of 1897 relating to street railway companies.

*Affirmed.*