GOLDEN AGE BREWERIES, INC., *Appellant,* v. H. H.
HENNEFORD *et al., Respondents.*[1]

*Flood, Lenihan & Ivers,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,*
for respondents.

BEALS, J.—Golden Age Breweries, Inc., a corporation,
engaged in business in this state as a brewer, instituted
this action against the members of the tax commission
of the state of Washington, seeking recovery of taxes
which had been paid on demand of the tax commission
pursuant to chapter 180, title II, § 4, subd. (b), Laws of
1935, p. 709, Rem. Rev. Stat. (Sup.), § 8370-4 [P. C.
§ 7030-64], providing for the levy of a business and
occupation tax to be paid by every person "for the act
or privilege of engaging in business activities." The

[1]Reported in 76 P. (2d) 598.

portion of the statute affecting the plaintiff provides that

"Such tax shall be measured by the application of rates against value of products, gross proceeds of sales, or gross income of the business, as the case may be, as follows: . . .

"(b) Upon every person engaging within this state in business as a manufacturer; as to such persons the amount of the tax with respect to such business shall be equal to the value of the products manufactured, multiplied by the rate of one-quarter of one per cent; . . ."

Plaintiff also paid, under chapter 62, Laws of 1933, Ex. Ses., p. 173, Rem. Rev. Stat. (Sup.), § 7306-1 [P. C. § 3180-11] *et seq.,* a state tax of one dollar per barrel on sales to licensees within the state. The pertinent portions of § 24 of this act, p. 187, read as follows:

"Any brewer or beer wholesaler licensed under this act may sell and deliver beer to holders of authorized licenses direct, but to no other person, other than the board; and every such brewer or beer wholesaler shall report all sales to the board monthly, pursuant to the regulations, and shall pay to the board as an added tax for the privilege of manufacturing and selling the beer within the state a tax of one dollar per barrel of thirty-one gallons on sales to licensees within the state and on the sale of bottled beer shall pay a tax on the same basis computed in gallons." Rem. Rev. Stat. (Sup.), § 7306-24 [P. C. § 3180-34].

Plaintiff contends that, it having paid its tax for the privilege of manufacturing and selling beer pursuant to the section of chapter 62, Laws of 1933, Ex. Ses., the state tax commission had no lawful authority for requiring plaintiff to pay any tax pursuant to chapter 180, Laws of 1935, *supra.*

The trial court having sustained a demurrer to the complaint, and plaintiff having elected to stand on its complaint, judgment was entered dismissing the action.

From this judgment, plaintiff has appealed, contending that the trial court erred in sustaining the demurrer.

Under the act of the extraordinary session of 1933, each brewer must pay, "for the privilege of manufacturing and selling beer within the state," a tax of one dollar per barrel on sales to licensees within the state. By the act of 1935, a tax is levied on the privilege of engaging in business activities, the tax to be measured, as to manufacturers, upon the value of the product manufactured, no matter where or to whom sold.

Appellant argues that taxes should be equal and uniform, and while not contending that the portion of chapter 180, Laws of 1935, here in question is unconstitutional, appellant does contend that the state tax commission, in applying that portion of the statute to appellant, is interpreting the act in a manner which would render the same unconstitutional. Appellant argues that it, as a brewer, is not included within the scope of the word *manufacturer,* as employed by the legislature, and that if the legislature did include brewers within the term *manufacturer,* as contended by the tax commission, then the tax levied under the act as applied to appellant would be unequal and not uniform. Appellant relies upon the doctrine that

"There must be certainty as to the meaning and scope of language imposing any tax, and doubt in respect to its meaning is to be resolved in favor of the taxpayer." *Treat v. White,* 181 U. S. 264, 45 L. Ed. 853, 21 S. Ct. 611.

It is also argued that, if appellant be required to pay a tax under each of the two acts above referred to, appellant is subjected to double taxation.

In the first place, it should be noted that there is no constitutional rule against double taxation with regard to excise taxes. *Supply Laundry Co. v. Jenner,* 178 Wash. 72, 34 P. (2d) 363. However, that portion

of chapter 62, Laws of 1933, Ex. Ses., with which we are here concerned levies a tax upon any brewer or beer wholesaler who manufactures or sells beer within this state to licensees within this state. This tax is clearly levied on the privilege of sale. It is imposed both on brewers who manufacture beer, and on beer wholesalers who do not manufacture but buy for resale. The brewer who manufactures beer within this state pays no tax under the act of 1933 until he sells the same to a licensee within this state. If he does not sell the beer, or ships it beyond the state boundaries, he pays no tax. The wholesaler who pays the tax, beyond question pays on sales and not on manufacture.

The excise paid under § 4, chapter 180, Laws of 1935, p. 709, on the other hand, is plainly a tax on the privilege of manufacture. It is imposed solely upon the privilege of carrying on the activity of manufacturing within this state. It must be paid, even though all the manufactured product is sent beyond the boundaries of the state of Washington. The entire product may be sold outside of the state or in interstate commerce, and still the tax may be collected upon the manufacture of the product. Chapter 180, Laws of 1935, does not exempt brewers from taxation under the act, and the statute (§ 206, p. 842) provides that

"Taxes imposed by this act shall be in addition to any and all other licenses, taxes and excises levied or imposed by the state or any municipal subdivision thereof." Rem. Rev. Stat. (Sup.), § 8370-206 [P. C. § 7030-266].

We are of the opinion that the two statutes herein discussed refer to different activities, and that respondents correctly required appellant to pay the taxes required by each of the two acts.

The trial court did not err in sustaining respondents'

540

demurrer to appellant's complaint, and the judgment appealed from is affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.

[No. 26878. Department Two. February 23, 1938.]